IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02842-BNB

BANK OF AMERICA: National Association, As Successor by Merger to LaSalle Bank, National Association, as Indenture Trustee, On Behalf of the Holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes,

    Plaintiff, Counterclaim Defendant,

v.

DIANA SLADEK, and
DENNIS SLADEK,

    Defendants/Counterclaim Plaintiffs/Third Party Plaintiffs,

v.

SELECT PORTFOLIO SERVICES, INC.,

    Third Party Defendant.

---

ORDER FOR SUMMARY REMAND

---

Diana and Dennis Sladek have filed a Notice of Removal. Dennis Sladek alone has filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Sladeks have removed Cases 10CV5644 and 11CV0375 that were filed in the El Paso County District Court, Colorado Springs, Colorado. These cases involve a proceeding brought against them by Bank of America (BOA) pursuant to Colo. R. Civ. P. 120 and Colo. Rev. Stat. 38-38-105. On September 28, 2010, BOA filed a motion for an order authorizing sale pursuant to Rule 120. The state district court entered an order authorizing the sale on April 16, 2011. Subsequent to the order of April 16, 2011, the Sladeks filed three motions for reconsideration and to vacate the order. The state court

appears to have denied at least two of these requests. The final motion was scheduled for review on November 4, 2011.

The Court must construe the Notice of Removal liberally because the Sladeks are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be remanded to the state court.

The court in *Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, 2007 WL 1346591 at * 2 (D. Colo. May 7, 2007), described the Colorado real estate foreclosure process as follows:

> In Colorado, consensual liens against real property are created by recordation of a deed of trust granted by the lender to the public trustee of the count where the property is situate. Foreclosure of such liens is a hybrid process governed by statute. The process involves issuance of orders by the state district court authorizing and confirming the [foreclosure] sale. C.R.C.P. 120; C.R .S. § 38-38-105. However, the process of conducting the sale and parties' rights in such process are largely administrative.
>
> Upon default, if the deed of trust so authorizes, the lender or holder of the note may direct the public trustee to sell the property at a foreclosure sale. C.R.S. § 38-38-101(1). The lender must also seek an order from the state district court authorizing the sale under Rule 120. Once a sale is authorized, the public trustee advertises and conducts the sale. C.R.S. § 38-38-101(4). The property is sold to the highest bidder who receives a Certificate of Purchase. Often, the purchaser is the holder of the deed of trust who bids all or part of the debt owed by the borrower.
>
> Prior to sale, the borrower may cure the default. After sale, the borrower and any junior lienholders may redeem the title to the property by paying, to the holder of the Certificate of Purchase, the sum for which the property was sold with interest from the date of sale, together with any taxes paid or other proper charges. *See* C.R.S. § 38-38-101 to § 38-38-103. Redemption thus annuls the sale. If the redemption period passes, the holder of the Certificate of Purchase may seek an order confirming the

sale and obtain a Trustee's Deed.

By filing their Notice of Removal, Defendants have attempted to remove the Rule 120 proceeding to this Court, together with the action they filed in El Paso County District Court asserting claims for unlawful foreclosure, predatory lending, violations of the federal Truth in Lending Act and of the Real Estate Settlement Procedures Act, negligence, infliction of emotional distress, and for quiet title.  The Sladeks assert jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367.  They also assert that the company holding the mortgage on their property committed fraud, BOA is not the real party in interest in the Rule 120 proceeding, and BOA and Select Portfolio Services, Inc., violated both 15 U.S.C. § 1601 and 12 U.S.C. § 2601.

Counsel for BOA has filed a Motion to Remand to El Paso County District Court or in the Alternative for an Order for Judgment for Possession and the Writ of Restitution.  In the Motion to Remand, BOA states that on June 1, 2011, the El Paso County Public Trustee sold the property to BOA, who was the highest bidder.  BOA further asserts that a hearing has been set for November 10, 2011, for a ruling on the demand for possession that BOA served on June 26, 2011.

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally."  *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).  A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  "The removing party has the burden to demonstrate the appropriateness of removal from state to federal

court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

The Court has reviewed the Notice of Removal and finds that it is deficient for the following reasons. First, the underlying state court action is a Rule 120 proceeding that involves the administrative process of authorizing and confirming a foreclosure sale. Moreover, Rule 120 does not authorize the relief that the Sladeks request. Rule 120 expressly provides that a court's order approving a sale is "without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction." Rule 120(d); *United Guar. Residential Ins. Co. v. Vanderlann*, 819 P.2d 1103, 1105 (Colo. App. 1991). The Sladeks, therefore, cannot remove the Rule 120 proceeding to federal court.

The Sladeks rely on 28 U.S.C. § 1332, or diversity jurisdiction, for removing their claim. It appears that the instant action is not removable based on diversity jurisdiction because

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*See* 28 U.S.C. § 1441(b). The Sladeks allege that they are residents of the State of Colorado and the instant action was filed originally in the El Paso County District Court in Colorado Springs, Colorado. Therefore, it does not appear that the instant action may be removed on the basis of diversity jurisdiction.

Even if the Court were to consider the Sladeks' claims based on federal question, or 28 U.S.C. § 1331, there still is no support for removal of this action. In order to

4

establish federal question jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Except for narrow circumstances that do not appear to be present in this action, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *See Johnson*, 404 F.3d at 1247. Any claims that the Sladeks raised in their separate state action against BOA or counterclaims pursuant to the Constitution, law, or treaties of the United States, therefore, are not removable.

> Also, under 28 U.S.C. § 1446(b):
>
> Notice of removal of any civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The motion for order authorizing sale was filed September 28, 2010. The Sladeks did not submit the Notice of Removal to this Court until November 1, 2011. The Sladeks also have not submitted the Notice of Removal in a timely manner with respect to the separate state action they filed while the Rule 120 proceeding was pending.

For these reasons, the Court finds that the notice of removal is procedurally and substantively deficient. As a result, the instant action will be remanded summarily to the state court. Because the Court is remanding the case summarily to the state court, the Court will refrain from determining Mr. Sladek's proper status as a named party to the original state action and as a proper party in this action. The Court also will disregard Ms. Sladek's failure to submit a motion to proceed pursuant to 28 U.S.C.

§ 1915. Furthermore, the validity of Mr. Sladek's § 1915 motion is questionable because his wife notarized the motion. Nonetheless, Mr. Sladek's § 1915 motion will be denied as moot. Accordingly, it is

ORDERED that this action is remanded summarily to the El Paso County District Court in Colorado Springs, Colorado. It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the El Paso County District Court, 270 South Tejon Street, Colorado Springs, CO 80903. It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, Doc. No. 9, filed on November 1, 2011, is denied as moot. It is

FURTHER ORDERED that BOA's Motion to Remand or for an Order for Judgment and Restitution, Doc. No. 10, is denied as moot.

DATED at Denver, Colorado, this  10th  day of    November   , 2011.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court